UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JANE DOE,

                              Plaintiff,

v.                                             **DECISION AND ORDER**
                                                          22-cv-815-JLS-JJM

ERIE COUNTY,
TIMOTHY B. HOWARD, Individually and in his
Capacity of Sheriff of Erie County, New York,
THOMAS DIINA, Superintendent of the Jail
Management Division, and
ROBERT M. DEE, Erie County Sheriff's Office
Deputy of Erie County Holding Center,

                              Defendants.
_____

        The claims in this action arise from an alleged pattern of sexual assaults of a female inmate at the Erie County Holding Center from October to November 2019. Amended Complaint [3] at 6-7.[1] Before the court is plaintiff Jane Doe's motion to compel "complete responses to plaintiff's first request for production" [46], which has been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [15]. Having considered the parties' submissions [42, 46, 47], the motion is denied, without prejudice.

## BACKGROUND

        The parties' familiarity with the relevant background is presumed. On August 3, 2023, plaintiff served her First Request for Production [46-3] on defendants Erie County,

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

Timothy Howard, and Thomas Diina (collectively, the "County Defendants") that included 33 separate requests for documents. See id. at 8-13.[2]

On September 12, 2023, the County Defendants served a Response to plaintiff's First Request for Production [46-4]. In responding to 23 of the 33 requests, the County Defendants lodged objections concerning the breadth, scope, and burden of the requests, but "[w]ithout waiving" those objections, committed to "produce, contingent upon the execution of a confidentiality order, nonprivileged and nonwork-product responsive documents" related to the requests. Id. at Response Nos. 1-4, 7, 9-13, 19-23, 26-31, 41-42. In response to seven of the 33 requests, the County Defendants recited the above-mentioned objections, and also set forth further objections based on privacy concerns and the "voluminous number of documents potentially responsive to such a demand." Id. at Response Nos. 5-6, 8, 14-17. However, in these seven responses, the County Defendants also expressed openness to "consider[ing] a revised demand that is considerate of the burden associated with producing the voluminous number of documents potentially responsive to such a demand, more closely tied to the conduct alleged in plaintiff's complaint, and narrowly tailored to" the legal elements of the underlying causes of action. Id. at Response Nos. 5-6, 8, 14-17. In their remaining three responses, the County Defendants completely objected to the requests on grounds that they were overbroad, vague, burdensome, and sought "irrelevant information." Id. at Response Nos. 18, 24-25.

Consistent with my preference for handling discovery disputes, I received a letter dated February 2, 2024 from plaintiff [42] seeking to compel the County Defendants to attend a meet and confer to address the production of electronically stored information ("ESI") and

---

[2]   The requests are sequentially numbered as request nos. 1 to 31, but the last two requests are incorrectly numbered as nos. 41 and 42. See Plaintiff's First Request for Production [46-3] at 8-13.

seeking complete responses from the County Defendants to plaintiff's First Request for Production because of their alleged waiver of privilege resulting from their failure to provide a privilege log. Id. at 5. At an informal discovery conference with the parties on February 12, 2024, the parties agreed to conduct a meet and confer concerning ESI by March 29, 2024, and I granted plaintiff permission to file a motion to compel concerning the other issues raised in her February 2, 2024 letter. See February 12, 2024 Text Order [45].

As of the filing of their response to the motion, the County Defendants state that they have produced 10,700 pages of responsive documents to plaintiff. See Blenk Declaration [47-1], ¶7. Their review of "potentially responsive" documents, which are voluminous, remains ongoing, and they agree to supplement their disclosures as necessary. Id., ¶10.

## DISCUSSION

Initially, the County Defendants argue that the motion should be denied because plaintiff failed to meet and confer in advance of the motion as required by Fed. R. Civ. P. ("Rule") 37(a)(1) and Loc. R. Civ. P. 7(d)(3). See County Defendants' Response [47] at 4. Although plaintiff does not respond to this argument, it does not bar her arguments concerning the waiver of privilege, since I gave her permission at the February 12, 2024 conference to file a motion concerning those issues. See Colton v. Fuller, 2022 WL 484189, *2 (W.D.N.Y. 2022) ("[i]t is within the court's discretion to determine whether the parties have complied with Rule 37(a)(1) and whether further efforts to comply would be futile").

In any event, I see no basis for granting the motion at this time. Plaintiff's motion focuses on her claim that the County Defendants have offered only "boilerplate claims of privilege" without stating whether responsive documents are being withheld on the basis of that objection, and that they have otherwise waived any claims of privilege by failing to provide a

privilege log. Plaintiff's Memorandum of Law [46-1] at 2-3.  However, the County Defendants represent that they "have not, thus far, identified any responsive documents being withheld for privilege".   County Defendants' Response to Motion to Compel [47] at 6.

Plaintiff does not dispute that representation, and I am "entitled to rely upon the presumption that attorneys, as officers of the court, make truthful representations to the court." Jo v. JPMC Specialty Mortgage, LLC, 369 F. Supp. 3d 511, 517 (W.D.N.Y. 2019) (internal quotations omitted). *See also* Kinnee v. Shack, Inc., 2008 WL 1995458, *4 (D. Or. 2008) ("the court typically relies upon a party's representations about the information or documents it has produced"); Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 152 (S.D.N.Y. 1997) ("[u]nder ordinary circumstances, a party's good faith averment that the items sought simply do not exist . . . should resolve the issue of failure of production").  Based on the County Defendants' representation, I consider this portion of the motion to be moot.

Plaintiff also argues that the County Defendants have only raised "boilerplate" objections of burden. *See* Plaintiff's Memorandum of Law [46-1] at 2-3.  "To successfully resist discovery on grounds of undue burden or expense, the responding party ordinarily must submit affidavits or offer evidence revealing the nature of the burden." Conservation Law Foundation, Inc. v. Shell Oil Co., 2024 WL 1341116, *2 (D. Conn. 2024).  However, "District courts may . . . overlook the lack of an affidavit or other evidence of burden when the requests are overly broad or unduly burdensome on their face." Id.  To the extent that this issue was not raised in plaintiff's February 2, 2024 letter [42] and may overlap with the County Defendants' production of ESI, I will deny this portion of the motion, without prejudice to renewal.

## CONCLUSION

For these reasons, plaintiff's motion to compel [46] is denied, without prejudice.

SO ORDERED.

Dated:  May 2, 2024

<u>/s/Jeremiah J. McCarthy</u>
JEREMIAH J. MCCARTHY
United States Magistrate Judge
