UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JANE DOE,

              Plaintiff

    -against-

ERIE COUNTY, et al.
              Defendants

Docket No. 1:22-cv-00815-JLS-JJM

---

## CROSS-MOTION TO QUASH AND
## OPPOSITION TO MOTION TO COMPEL

TO:      Melissa D. Wischerath, Esq.
           42 Delaware Avenue, Suite 120
           Buffalo, New York 14202

        PLEASE TAKE NOTICE, that upon the papers annexed hereto, non-party Erie County District Attorney's Office opposes plaintiff's motion to compel non-party Erie County District Attorney's Office to fully comply with plaintiff's subpoena, and cross-moves for an order pursuant to Rule 45 of the Federal Rules of Civil Procedure quashing the parts of plaintiff's subpoena which seek discovery of secret grand jury materials, documents disclosing names of inmates alleged to have been victims of sexual crimes, criminal history reports, and attorney work product.

Dated:    Buffalo, New York
          May 10, 2024

                     MICHAEL J. KEANE
                     ACTING DISTRICT ATTORNEY

    By:    MICHAEL J. HILLERY
                Assistant District Attorney
                Erie County District Attorney's Office
                25 Delaware Avenue
                Buffalo, New York 14202
                (716) 858-2473
                michael.hillery@erie.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JANE DOE,
                    Plaintiff

                                        Docket No. 1:22-cv-00815-JLS-JJM

          -against-

ERIE COUNTY, et al.
                    Defendants

---

## NON-PARTY ERIE COUNTY DISTRICT ATTORNEY'S OFFICE'S MEMORANDUM OF LAW

Pursuant to Local Rule 7(a)(2), non-party Erie County District Attorney's Office ("ECDA") respectfully submits this Memorandum of Law in opposition to plaintiff's motion to compel ECDA to fully comply with the subpoena issued by plaintiff, and in support of their cross-motion pursuant to Rule 45 of the Federal Rules of Civil Procedure to quash that subpoena.

## PRELIMINARY STATEMENT

This application seeks an order denying plaintiff's motion to compel, and granting non-party ECDA's cross-motion to quash, because: 1) plaintiff's subpoena is overly broad.  Fed. R. Civ. P. 45.; 2) plaintiff's subpoena seeks secret grand jury materials.  N.Y. Crim. Proc. Law § 190.25(4).; 3) plaintiff's subpoena seeks documents disclosing the names of inmates alleged to have been victims of sexual

crimes. Civ. Rights Law § 50-b.; 4) plaintiff's subpoena seeks criminal history reports, which are sensitive materials whose disclosure requires a showing of relevance and proportionality. *See Benn v. City of New York*, 2019 WL 4857339 (S.D.N.Y. 2019).; and 5) plaintiff's subpoena seeks attorney work product, consisting of internal correspondence between assistant district attorneys and confidential criminal investigators employed by ECDA. *See generally Matter of Grand Jury Subpoena Duces Tecum Dated February 18, 1988*, 685 F.Supp. 49 (S.D.N.Y. 1988).

If this Court orders subpoena compliance, a protective order should be issued to confine materials deemed sensitive, secret or confidential to litigation purposes and prevent their dissemination to third parties.

## FACTUAL BACKGROUND

Pursuant to Local Rule 7(a)(3), non-party ECDA respectfully refers the Court to the affidavit of counsel for a statement of the facts pertinent to this submission.

## DISCUSSION

### Timeliness of Motion to Quash

Generally, a motion to quash is timely if made before the return date of the

2

subpoena. *Nike, Inc. v. Wu*, 349 F.Supp.3d 310, 320 (S.D.N.Y. 2018).  In this case, ECDA and plaintiff's attorney agreed to extend the time for compliance with the subpoena (Exhibit A).  The date of compliance is May 10, 2024.  This motion is therefore timely.

Regardless, a federal court may consider an untimely motion to quash where there are important interests to address.  *Erie County District Attorney's Office v. Gugino*, 2021 WL 4172876 (W.D.N.Y. 2021).  Here, as in *Gugino*, ECDA's "interest in attempting to comply with applicable state law ... constitutes a valid interest to be considered by the court."  *Id.*

**Plaintiff's Subpoena is Overly Broad**

Plaintiff's subpoena demands:

(1) The District Attorney file relating to Robert Dee and/or pertaining to the indictment involving him known as the People of the State of New York versus Robert Dee under IND-71243-22/001, and Erie County DA Legacy Number 00112-2021 (hereinafter referred to as "the indictment"); and

(2) Documents and information, including electronically stored information (hereinafter referred to as "ESI"), video, audio communication, email and/or text, and

notes relative to subsequent criminal proceedings pertaining to the indictment.

Plaintiff's subpoena is overly broad and places a substantial burden on non-party ECDA.  Fed. R. Civ. P. 45.  ECDA's file consists of a banker's box of documents, many of which contain sensitive information accorded state law protections.

**Grand Jury Materials**

Plaintiff seeks all grand jury related materials, which are secret under New York State Law.  As per New York Criminal Procedure Law § 190.25(4), "Grand jury proceedings are secret, and no grand juror, [or] other person [authorized to be present in the grand jury], may, except in the lawful discharge of his duties or upon written order of the court, disclose the nature or substance of any grand jury testimony, or ... other matter attending a grand jury proceeding."  Unlawful grand jury disclosure is a class E felony in violation of New York Penal Law § 215.70.

Under federal law, grand jury materials are not automatically available pursuant to a federal subpoena.  Rather, "[p]arties seeking grand jury transcripts ... must show that the material they seek  is needed to avoid a possible injustice in

another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. In other words, to unseal grand jury records the parties must prove a particularized need ... [T]his framework also applies to cases in which a party seeks to pierce the secrecy of state grand jury proceedings. Courts have repeatedly recognized that the showing required is substantial." *Frederick v. New York City*, 2012 WL 4947806 (S.D.N.Y. 2012)(internal citations and quotation marks omitted).

"A typical showing of particularized need arises when the grand jury transcript is used to impeach a witness, to refresh his recollection, to test his credibility and the like. The need to avoid a possible injustice in a case of malicious prosecution can be sufficient to allow for unsealing the grand jury minutes where plaintiffs adduce facts that strongly suggest misconduct at the grand jury sufficient to rebut the presumption of probable cause if ultimately proven true. [A]n unsupported allegation that there is reason to believe that misconduct occurred before the grand jury is insufficient to meet this burden. Rather, the moving party must at least make a preliminary evidentiary showing of facts concerning police behavior to warrant potential unsealing[.]" *Ross v. City of New York*, 2017 WL 455410 (E.D.N.Y. 2017)(internal citations and quotation marks omitted).

"Grand jury testimony may also be unsealed where a plaintiff cannot obtain the relevant information elsewhere.  However, requests for wholesale disclosures are generally not allowed in civil cases."  *Id.* (internal citations and quotation marks omitted).

Given the law, plaintiff must make a factual showing that meets the above legal standards in order to obtain secret grand jury materials.  Plaintiff's subpoena, by virtue of its breadth, requests these materials but alleges no facts or cases to prove that she falls within the standards set forth above such that she is entitled to those materials.  A "substantial" showing of "particularized need" has not been met.  Thus, plaintiff's motion to compel production of grand jury materials should be denied and her subpoena quashed.

Plaintiff has not shown that she is unable to obtain the information she needs from other sources.  Further, requests for wholesale disclosures are generally not available in federal civil cases.

**Names of Inmates Alleged to have been Victims of Sexual Crimes**

Among the contents in ECDA's large file are documents containing the names

6

of other individuals alleged to have been the victims of sexual crimes. Plaintiff's subpoena should be quashed as to any such documents.

State Civil Rights Law § 50-b accords privacy protection to individuals alleged to have been victimized sexually. ECDA is compelled to honor these protections afforded by state law.

"Section 50-b ... requires that the identities of sexual assault victims remain confidential and that no public employee make available for public inspection any document identifying the victim or disclose any document which tends to identify the victim. Indeed, it is common for courts in [the Southern District] to grant requests for sealing orders to protect a sexual assault victim's identity." *Najera v. Lilley*, 2022 WL 515660 (S.D.N.Y. 2022)(internal citations and quotation marks omitted).

Plaintiff has presented no facts or circumstances that warrant the lifting of privacy protections for other individuals named in ECDA file documents who are alleged to have been sexually victimized. Accordingly, plaintiff's subpoena should be quashed as to those items.

**Criminal History Reports**

Plaintiff's subpoena encompasses criminal history reports contained in ECDA's file. However, these are sensitive materials, whose disclosure requires a showing of relevance and proportionality. *See Benn v. City of New York*, 2019 WL 4857339 (S.D.N.Y. 2019).

Plaintiff's subpoena fails to include facts or circumstances that warrant the release of such sensitive materials as criminal history reports.

Thus, plaintiff's subpoena should be quashed as to those materials.

**Attorney Work Product**

Plaintiff's subpoena would require release of attorney work product, consisting of, among other things, intra-office correspondence naming another alleged victim of sexual crimes.

Work product is afforded protection under state and federal law. Federal courts have recognized the importance of according protection and privacy to that material, and a plaintiff seeking access to it must justify that access in the light of its generally

protected status. *See generally Matter of Grand Jury Subpoena Duces Tecum Dated February 18, 1988*, 685 F.Supp. 49 (S.D.N.Y. 1988).

Plaintiff has wholly failed to justify why she would need access to attorney work product to properly adjudicate her federal claim.

Accordingly, plaintiff's subpoena should be quashed as to attorney work product.

9

## CONCLUSION

For the foregoing reasons, non-party ECDA respectfully requests that this Court deny plaintiff's motion to compel ECDA to fully comply with plaintiff's subpoena, and grant ECDA's cross-motion to quash the parts of the subpoena demanding disclosure of secret grand jury records, documents disclosing the names of individuals alleged to have been the victims of sexual crimes, criminal history reports, and attorney work product. If the Court grants plaintiff's motion, non-party ECDA respectfully requests that the Court issue a protective order limiting the use of these materials to litigation purposes, and precluding their dissemination to third parties.

Dated:     Buffalo, New York
           May 10 , 2024

                      MICHAEL J. KEANE
                      ACTING DISTRICT ATTORNEY

By:    MICHAEL J. HILLERY
        Assistant District Attorney
        Erie County District
         Attorney's Office
        25 Delaware Avenue
        Buffalo, New York 14202
        (716) 858-2473
        michael.hillery@erie.gov

# EXHIBIT A

## Hillery, Michael J.

| | |
|---|---|
| **From:** | Hillery, Michael J. |
| **Sent:** | Thursday, April 25, 2024 9:56 AM |
| **To:** | 'Melissa D. Wischerath' |
| **Cc:** | 'James P. Blenk'; Williams III, Paul J.; Kaylie R. Horowitz |
| **Subject:** | RE: Doe v Erie County |

Thank you.

```
--
Michael J. Hillery | Assistant District Attorney
Erie County | District Attorney
25 Delaware Ave., 7th Floor | Buffalo, NY 14202
P:+1(716)858-2473 | F:+1(716)858-7425
Michael.Hillery@erie.gov | http://www.erie.gov
```

This email and any documents or files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. The information contained in this email and any documents or files transmitted with it is information protected by the attorney-client and/or attorney work product privilege. It is intended only for the use of the individual(s) named above and the privileges are not waived by virtue of this having been sent by electronic transmission. If the individual receiving this email or any other reader of this email is not the named recipient or the employee or agent responsible for the delivery of this message to the named recipient, any use, dissemination, distribution, forwarding or copying of any part of the message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by return email and delete it from your computer. Unauthorized use of this material is strictly prohibited and may be unlawful.

**From:** Melissa D. Wischerath <mwischerath@lglaw.com>
**Sent:** Wednesday, April 24, 2024 1:38 PM
**To:** Hillery, Michael J. <Michael.Hillery@erie.gov>
**Cc:** 'James P. Blenk' <jblenk@lippes.com>; Williams III, Paul J. <Paul.Williams@erie.gov>; Kaylie R. Horowitz <khorowitz@lglaw.com>
**Subject:** RE: Doe v Erie County

[**Caution**: this email is **not** from an Erie County employee: attachments or links **may not be safe**.]

Sure. Please let this confirm that the subpoena is returnable on or before **May 10, 2024**.

Thank you.



**Lipsitz Green
Scime Cambria**LLP

Melissa D. Wischerath
Attorney at Law

42 Delaware Ave | Suite 120 | Buffalo, NY 14202
TEL 716 849 1333 x397 | FAX 716 855 1580
email | profile | website | map | vCard

**NOTICE:** This message contains privileged and confidential information intended only for the use of the persons named above. If you are not the intended recipient, you are hereby notified that any distribution or copying of this message is prohibited.

**From:** Hillery, Michael J. <Michael.Hillery@erie.gov>
**Sent:** Wednesday, April 24, 2024 9:28 AM
**To:** Melissa D. Wischerath <mwischerath@lglaw.com>
**Cc:** 'James P. Blenk' <jblenk@lippes.com>; Williams III, Paul J. <Paul.Williams@erie.gov>; Kaylie R. Horowitz <khorowitz@lglaw.com>
**Subject:** RE: Doe v Erie County

Good morning Melissa,

Thank you for your reply and for your understanding. Could we make the subpoena returnable on May 10? It would be much appreciated.

Let me know if that will work for you.

Thank you.

Mike

--
**Michael J. Hillery**| Assistant District Attorney
Erie County | District Attorney
25 Delaware Ave., 7th Floor | Buffalo, NY 14202
P:+1(716)858-2473 | F:+1(716)858-7425
Michael.Hillery@erie.gov|http://www.erie.gov

This email and any documents or files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. The information contained in this email and any documents or files transmitted with it is information protected by the attorney-client and/or attorney work product privilege. It is intended only for the use of the individual(s) named above and the privileges are not waived by virtue of this having been sent by electronic transmission. If the individual receiving this email or any other reader of this email is not the named recipient or the employee or agent responsible for the delivery of this message to the named recipient, any use, dissemination, distribution, forwarding or copying of any part of the message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by return email and delete it from your computer. Unauthorized use of this material is strictly prohibited and may be unlawful.

**From:** Melissa D. Wischerath <mwischerath@lglaw.com>
**Sent:** Tuesday, April 23, 2024 5:58 PM
**To:** Hillery, Michael J. <Michael.Hillery@erie.gov>
**Cc:** 'James P. Blenk' <jblenk@lippes.com>; Williams III, Paul J. <Paul.Williams@erie.gov>; Kaylie R. Horowitz <khorowitz@lglaw.com>
**Subject:** RE: Doe v Erie County

[**Caution**: this email is **not** from an Erie County employee: attachments or links **may not be safe**.]

Thank you for the update. I am glad we tried to work it out collectively and without a need for judicial intervention but understand that your office has decided to proceed by moving to quash.

The subpoena was originally returnable on April 2, 2024. I agreed to suspend that deadline while we conferred. Now that we are done conferring, please let this email confirm that the subpoena is returnable on or before **May 3, 2024**.

This way we have a deadline to work from. If that date doesn't work let me know tomorrow and we can adjust. Have a good night.



**From:** Hillery, Michael J. <Michael.Hillery@erie.gov>
**Sent:** Tuesday, April 23, 2024 10:59 AM
**To:** Melissa D. Wischerath <mwischerath@lglaw.com>
**Cc:** 'James P. Blenk' <jblenk@lippes.com>; Williams III, Paul J. <Paul.Williams@erie.gov>
**Subject:** Doe v Erie County

Hi Melissa,

I've had a chance to discuss your proposal (case management order) with Paul Williams and also with JP Blenk. Paul and I have decided that the best and safest way to proceed is to file a motion to quash and allow the court to resolve the matter. We don't want to be obstructionist; contents in our file are accorded protections under state law and are sensitive, as you know, and we deem ourselves obligated to honor those protections, and accountable for failure to do so.

We will file the motion soon.

Thank you for your patience and cooperation.

Mike

--
**Michael J. Hillery**| Assistant District Attorney
Erie County | District Attorney
25 Delaware Ave., 7th Floor | Buffalo, NY 14202
P:+1(716)858-2473 | F:+1(716)858-7425
Michael.Hillery@erie.gov|http://www.erie.gov

This email and any documents or files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. The information contained in this email and any documents or files transmitted with it is information protected by the attorney-client and/or attorney work product privilege. It is intended only for the use of the individual(s) named above and the privileges are not waived by virtue of this having been sent by electronic transmission. If the individual receiving this email or any other reader of this email is not the named recipient or the employee or agent responsible for the delivery of this message to the named recipient, any use, dissemination, distribution, forwarding or copying of any part of the message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by return email and delete it from your computer. Unauthorized use of this material is strictly prohibited and may be unlawful.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JANE DOE,

Plaintiff                    **AFFIDAVIT**

Docket No. 1:22-cv-00815-JLS-JJM

-against-

ERIE COUNTY, et al.

Defendants
_____

STATE OF NEW YORK      )
COUNTY OF ERIE         ) ss.
CITY OF BUFFALO        )

      MICHAEL J. HILLERY, being duly sworn, deposes and says:

      1.    Your deponent is an attorney duly admitted to the practice of law in the State of New York.

      2.    Your deponent is an Assistant District Attorney, appearing of counsel to MICHAEL J. KEANE, Acting District Attorney of Erie County, a non party in this civil lawsuit.

      3.    Your deponent makes this affidavit in support of non-party Erie County District Attorney's Office's ("ECDA") opposition to plaintiff's motion to compel ECDA to fully comply with the subpoena issued by plaintiff, and in support of their cross-motion pursuant to Rule 45 of the Federal Rules of Civil Procedure to quash that subpoena.

      4.    This affidavit is based on information and belief drawn from the confidential file of the District Attorney's Office, plaintiff's subpoena, and communications with plaintiff's counsel.

      5.    In a subpoena dated March 13, 2024, plaintiff sought records from ECDA (Exhibit).

1

6.      Plaintiff set the date and time of compliance as April 2, 2024 at 9:30 a.m.

7.      Given the workload and responsibilities of your deponent, and the size and nature of the file and sensitivity of its contents, compliance by that date and time could not be achieved.

8.      Your deponent and plaintiff's counsel had several communications about compliance, and plaintiff's counsel agreed to extend the date of compliance to May 10, 2024 (See Cross Motion to Quash and Opposition to Motion to Compel, Exhibit A).

9.      Non-party ECDA's present motion is necessitated by the nature of the materials being subpoenaed, which materials are accorded privacy protections under state law.

10.     Your deponent stated in e-mail correspondence to plaintiff's attorney on April 23, 2024 (Exhibit A): "We don't want to be obstructionist; contents in our file are accorded protections under state law and are sensitive, as you know, and we deem ourselves obligated to honor those protections, and accountable for failure to do so."

11.     Non-party ECDA will defer to the Court as to how best to resolve any disputes over the disclosure of the contents of its file.

WHEREFORE, ECDA respectfully requests that the Court grant non-party ECDA's motion for an order quashing the contested parts of the non-party subpoena served on ECDA, and denying plaintiff's motion to compel, together with such other and further relief as this Court deems just and proper. If this Court should grant plaintiff's motion, non-party ECDA respectfully requests that a protective order

2

be granted limiting the use of the grand jury materials, documents disclosing the names of inmates alleged to have been victims of sexual crimes, criminal history reports, and attorney work product to the litigation, and that such materials not be disseminated to third parties.

MICHAEL J. HILLERY
Assistant District Attorney

Subscribed and sworn to before me
this _10th_ day of May, 2024.

Elaine J. Williams
Notary Public, State of New York
Qualified in Erie County
My commission expires 9/4/2025

# EXHIBIT

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | | |
|---|---|---|
| JANE DOE | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:22-cv-00815 |
| ERIE COUNTY, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          ERIE COUNTY and ERIE COUNTY DISTRICT ATTORNEY'S OFFICE

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A

| Place: 42 Delaware Avenue, Suite 120<br>Buffalo, NY 14202 | Date and Time:<br>04/02/2024 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/13/2024

| *CLERK OF COURT* | | |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | OR | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*          Plaintiff

Jane Doe                                                                 , who issues or requests this subpoena, are:

Melissa D. Wischerath, Esq., 42 Delaware Ave., Suite 120, Buffalo, NY 14202; mwischerath@lglaw.com; 716-849-1333

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-cv-00815

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Jane Doe v. Erie County, et al.

Case No.: 1:22-cv-00815

## **EXHIBIT A**

(1)    The District Attorney file relating to Robert Dee and/or pertaining to the indictment involving him known as the People of the State of New York versus Robert Dee under IND-71243-22/001, and Erie County DA Legacy Number 00112-2021 (hereinafter referred to as "the indictment"); and

(2)    Documents and information, including electronically stored information (hereinafter referred to as "ESI"), video, audio communication, email and/or text, and notes relative to subsequent criminal proceedings pertaining to the indictment.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JANE DOE,

               Plaintiff

Docket No.: 1:22-cv-00815-JLS-JJM

-against-

ERIE COUNTY, et al.
               Defendants

---

## DECLARATION OF SERVICE

Pursuant to 28 USC §1746, I, ELAINE J. WILLIAMS, hereby declare, under penalty of perjury under the laws of the United States of that the following is true and correct. Deponent is not a party to the action, is over 18 years of age, and is employed at the Erie County District Attorney's Office at 25 Delaware Avenue, 7th Floor, Buffalo, New York 14202. That on May 10, 2024, deponent served the within:

CROSS-MOTION TO QUASH

AND OPPOSITION TO MOTION TO COMPEL

upon:       **Melissa D. Wischerath, Esq.**
              **42 Delaware Avenue, Suite 120**
              **Buffalo, New York 14202**

at the last known address designated by them for that purpose by depositing a true copy of same enclosed by in a post paid properly addressed wrapper.

Dated:      Buffalo, New York
             Friday, May 10, 2024

                                  ELAINE J. WILLIAMS