UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE<br><br>                    Plaintiff,<br><br>v.<br><br>ERIE COUNTY,<br>TIMOTHY B. HOWARD, Individually and in his capacity of Sheriff of Erie County, New York;<br>THOMAS DIINA, Superintendent of The Jail Management Division, and<br>ROBERT M. DEE, Erie County Sheriff's Office Deputy at Erie County Holding Center<br><br>                    Defendants. | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO NON-PARTY'S MOTION TO QUASH SUBPOENA AND IN SUPPORT OF CROSS-MOTION TO COMPEL**<br><br>Case No. 1:22-CV-00815 |

Plaintiff, Jane Doe, by and through her counsel, LIPSITZ GREEN SCIME CAMBRIA LLP, files this Memorandum of Law in Opposition to Erie County District Attorney's Office (hereinafter at times "Erie County DA") Motion to Quash and in Support of her Cross-Motion to Compel the production of records requested via subpoena duces tecum and state as follows:

**INTRODUCTION**

By quashing the plaintiff's subpoena on the Erie County DA's office, relevant and material discovery that is not available from any other source, would be shielded from the plaintiff. This type of shield only serves to protect the wrongdoings of a deputy and the institution that was responsible for ensuring that detainees would not be subjected to sexual assault by their corrections officers. The result would serve to further protect the perpetuators of sexual assault and the institutions that harbor them, rather than the victims.

Such a shield leads to an absurd result, and begs the question who or what exactly is the

1

DA's office protecting?

This is especially true here, since the investigation that arose from Jane Doe's complaint resulted in a successful investigation and plea where defendant Dee pled guilty to crimes associated with the two victims; and plaintiff engaged in extensive conversations prior to the instant motion to reach an agreement on the scope of a protective order and suggested that the parties agree to redact the names and identify information of victims from the public docket or proposed that these materials could be disclosed under the parameters of this Court's order Dkt. 37 entered September 23, 2023, and even went so far as to provide the Erie County DA's office with a release from Jane Doe. However, the Erie County DA's office declined these attempts to resolve the instant dispute short of judicial intervention. Wischerath, Decl., Ex. 1 is a copy of the email correspondence relating to the conferral attempts.

## PRELIMINARY STATEMENT

Plaintiff hereby cross-moves and respectfully requests this Court compel the Erie County DA to comply with the subpoena and turn over:

>(1) The District Attorney file relating to Robert Dee and/or pertaining to the indictment involving him known as the People of the State of New York versus Robert Dee under IND-71243-22/001, and Erie County DA Legacy Number 00112-2021 (hereinafter referred to as "the indictment"); and
>
>(2) Documents and information, including electronically stored information (hereinafter referred to as "ESI"), video, audio communication, email and/or text, and notes relative to subsequent criminal proceedings pertaining to the indictment.

Wischerath, Decl., Ex. 2. is a copy of plaintiff's subpoena and AOS.

Given the plain relevance of the Erie County DA's files, the DA does not dispute that is in possession of relevant and material information, nor could it since, the Erie County DA file that plaintiff subpoenaed directly relates to its investigation of a complaint made by the plaintiff, Jane

2

Doe, about sexual abuse she was subjected to by defendant Robert Dee while incarcerated at the Erie County Holding Center. Indeed, the County defendants disclosed that discoverable information was likely in the possession of Noha Elnakib and Gary Ertel, the Erie County District attorneys who prosecuted the related criminal proceedings arising out of Jane Doe's complaint. Wischerath, Decl., Ex. 3 is a copy of Defendants' Initial Disclosures Pursuant to FRCP 26.

The Erie County DA's investigation was based on the same incident that forms the basis for plaintiff's civil rights action, and upon information and belief, the DA file is solely in possession of the DA's office and is not available from no other source than the Erie County DA's office. Given the plain relevance of the Erie County DA's files, t

In the event that the DA file is not solely in their possession and was disclosed or accessible to the defendants, then the DA has waived its arguments, and/or the defendants should be required to produce it. See, *In Re NASDAQ Market–Makers Antitrust Litig.*, 169 F.R.D. 493, 530 (S.D.N.Y.1996) (explaining that if a party has access and the practical ability to possess documents not available to the party seeking them, production may be required.)

The Erie County DA objects to the subpoena for the following reasons (1) the breadth of the requested documents; (2) the sealed nature of the grand jury materials; (3) State Civil Rights Law § 50-b; (4) the nature of the criminal history reports; and (5) attorney work product. Dkt. 51.

Erie County DA's Office motion to quash should be denied, and this Court should order their investigation file and other documents and things be produced.

POINT I

**I. Non-Party Erie County DA failed to address let alone meet its burden of demonstrating that the subpoena is overly broad and unduly burdensome.**

Although not addressed by Erie County DA, "the burden of persuasion in a motion to quash a subpoena ... is borne by the movant." *Strike 3 Holdings, LLC v. Doe*, 337 F. Supp. 3d 246, 251 (W.D.N.Y. 2018). "[T]he party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome." *Id*. In determining whether a nonparty subpoena poses an undue burden, courts consider four factors: "(1) relevance; (2) the party's need for the information; (3) the breadth of the request; and (4) the burden imposed." *Donoghue v Nostro*, 20-CV-6100-EAW-MJP, 2022 WL 4462867, at *4 (W.D.N.Y. Sept. 26, 2022) (internal citations omitted).

"Because the burden is on the party seeking to quash a subpoena, that party cannot merely assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden **and the probable negative consequences of insisting on compliance**." *Aristocrat Leisure Ltd. v Deutsche Bank Tr. Co. Americas*, 262 FRD 293, 299 (S.D.N.Y. 2009) (internal citations omitted) (emphasis added).

There is little to no probable negative consequences of insisting on compliance since the victims that the DA's office successfully prosecuted defendant Dee for by securing a plea deal, are already known, and two victims names were publicly and often referred to by name by the Erie County DA's office throughout the criminal court proceedings. See e.g., The State of New York, Supreme Court County of Erie, Criminal Term, Part 9, *the People of the State of New York v. Indictment No. 71242/001, Robert Dee Defendant*, criminal transcripts where the DA's office identified the victims by name in public court proceedings held on May 1, 2023 and August 7, 2023.

4

The Erie County DA's office fails to state with any specificity how responding to the subpoena is unduly burdensome. "Objections such as 'overbroad,' 'undue burden,' 'vague,' and 'ambiguous' are no longer a safe harbor to one seeking to avoid production. Rather, those objections – if genuine – must be supported by a degree of specificity as to why they might be overbroad, an undue burden, vague or ambiguous." *Silver Sands Motel Inc. v Long Is. Capital Mgt.*, 21CV01224GRBJMW, 2023 WL 4054526, at *5 (E.D.N.Y. June 15, 2023) (internal citation omitted).

The closest the DA gets to a showing of undue burden is a short statement that the file consists of a "banker's box of documents, many of which contain sensitive information..." Dkt. 51 at 4. However, the fact that the file fits into one banker's box does not rise to the level of an undue burden since the materials are already gathered and readily reproduceable. It also must fail because the DA has only offered a vague and unsupported claim that "many contain sensitive information." This does not meet the required degree of specificity, and even if it had, the simple fact that an unknown number of documents may contain sensitive information does not warrant wholesale blanket protection for everything else in the banker's box, especially when victims' names could be simply redacted from the docket pursuant to a protective order.

Finally, on this point, if photocopying a banker's box is considered an undue burden, my office is willing to handle the copying at my office in the presence of the Erie County DA, if requested.

    I.   **The four-factor test**.

Erie County DA failed to address the four-factor test it was required to meet to prove its burden. Assuming *arguendo* that this Court shifts the burden to plaintiff to address those factors, plaintiff will address each now.

        a.  **Relevance**.

"Relevance" under Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Starting with the first factor, relevance cannot be disputed, because the DA file and its investigation arises out of the same facts and transactions that forms the basis for the instant civil action, specifically Jane Doe's complaint of sexual assault while detained in the holding center.

Furthermore, the names of other victims known to or investigated by the DA's office is highly relevant (and plaintiff informed the DA's office that she would agree to a protective order requiring that the names and identify information of victims be redacted from the public docket) because plaintiff has alleged:

- that the County defendants "knew of the imminent threat of sexual assault to Plaintiff and deliberately failed to protect her (Dkt. 3 at ¶1);
- that "Despite known risks and frequent incidents of sexual misconduct by Defendant, ROBERT M. DEE, Defendants, ERIE COUNTY, TIMOTHY B. HOWARD and THOMAS DIINA, through their policies and procedures failed to protect the women prisoners in their custody from harm. Defendant, ERIE COUNTY, TIMOTHY B. HOWARD and THOMAS DIINA, inadequately supervised ROBERT M. DEE, placing women prisoners at a heightened risk of sexual abuse" (Dkt. 3 at ¶ 51);
- See also Dkt. 3 ¶¶ 38-72.

b. **Plaintiff's great need for the information.**

Turning to the second factor, plaintiff has a great need for the information for three main reasons: (1) the DA file is unavailable from any other source (unless the DA has provided it to the defendants, which in that case the motion to quash should be denied on waiver grounds and/or the defendants should be required to produce it); and (2) the DA file contains information that is no longer available to plaintiff to the extent that the investigation included contemporaneous statements and interviews of victims and/or others involved in the investigation of Robert Dee, and (3) because it identifies other victims alleged to have been the victims of sexual crimes by defendant Dee while

6

detained or incarcerated at the holding center that has not been disclosed to plaintiff in discovery. This information is more than relevant, because the documents containing the names of other victims of sexual crimes by defendant Dee, support her allegations that despite known risks and frequent incidents of sexual misconduct by defendant Dee, the County defendants through their policies and procedures failed to protect the women detainees in their custody from harm, among others. See Dkt. 3 ¶¶ 38-72.

      **c. (3) The breadth of the request; and (4) the burden imposed.**

Plaintiff will address the last two factors together since they are related somewhat related. The fact that the DA's file fits inside a banker's box proves that the breadth of the request and the burden imposed is minimal.

POINT II

II.    Grand Jury Materials

      **N.Y. C.P.L. § 190.25(4) Does Not Bar Production because state law has been rejected as a basis to block discovery in an action asserting federal claims.**

"Under Rule 45, a recipient is required to "expressly claim the privilege and describe the nature of the documents, communications, or things not produced in sufficient detail that the court and parties can assess the privilege. Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK 2021 at 1067 (citing caselaw at n. 99)." *Wyatt v Kozlowski*, 19-CV-159W(F), 2019 WL 3729262, at *5 (W.D.N.Y. Aug. 8, 2019) (denying motion to quash subpoena duces tecum where movant failed to sufficiently describe or identify withheld documents based on asserted privilege). "Failure to do so constitutes a waiver." *Erie County Dist. Attorney's Off. v Gugino*, 21-CV-283V(F), 2021 WL 4172876, at *3 (W.D.N.Y. Sept. 14, 2021).

In the absence of a privilege log, it is impossible to ascertain to the extent tor exact privileges the DA is claiming.

Likewise, it is also impossible to ascertain to the extent tor exact nature of the grand jury materials. However, to the extent there are some grand jury materials in the "banker's box" it does not mean that all were presented to the grand jury and are afforded the protection. "This court has indicated on several occasions that documents are not cloaked with secrecy merely because they are presented to a grand jury. See *United States v. Weinstein*, 511 F.2d 622, 627 n. 5 (2d Cir.), cert. denied, 422 U.S. 1042, 95 S.Ct. 2655, 45 L.Ed.2d 693 (1975); *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2d Cir.1960)." *United States v Lartey*, 716 F2d 955, 964 (2d Cir. 1983). "[U]nless information reveals something about the grand jury proceedings, secrecy is unnecessary." *Id*. (internal citations omitted). Thus, grand jury materials that do not reveal anything about the proceedings itself, must be produced.

Turning now to the materials that reveal something about the grand jury proceedings, "state law has been rejected as a basis to block discovery in an action such as this one, where plaintiffs are asserting federal claims." *Haus v. City of New York*, No. 03–CV–4915, 2006 WL 3375395 at *2 (S.D.N.Y. Apr. 24, 2006). The *Haus* Court opined, "[a]s we have previously observed in this case, the state sealing statute does not govern here, since the plaintiffs are asserting federal claims." *Id*. The *Haus* court flat out rejected the claim made by the Erie County DA that federal court must adopt New York State Law, explaining, "defendants appear to imply that we should simply apply the statutory sealing provisions wholesale to bar plaintiff's requests. We disagree." *Id*.

As the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification. See, *Douglas Oil Co. of*

8

*California v. Petrol Stops Northwest*, 441 U.S. 211, 99 S. Ct. 1667, 60 L. Ed. 2d 156, 27 Fed. R. Serv. 2d 269 (1979); see also 9 Fed. Proc., L. Ed. § 22:806. Here, because the grand jury has long concluded its operations, and all criminal proceeding have ceased because defendant Robert Dee pled guilty to crimes arising from plaintiff's complaint of sexual assault, her burden of demonstrating a particularized need in lesser.

"Ordinarily, the typical showing of particularized need arises when a litigant seeks to use the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like. And this 'particularized need' becomes 'strong' both for purposes of trial preparation and for trial itself, when there has been prior unlimited release to one party in the litigation of the grand jury transcript and materials." *In re Grand Jury Proceedings GJ-76-4 & GJ-75-3*, 800 F2d 1293, 1302 (4th Cir. 1986) (punctuation and internal citations omitted).

As the Supreme Court emphasized in its seminal decision on the disclosure of grand jury testimony *Douglas Oil Co. of California v Petrol Stops Northwest*,

> [a]s noted in *United States v. Procter & Gamble Co.*, 356 U.S., at 683, 78 S.Ct. at 987, the typical showing of particularized need arises when a litigant seeks to use 'the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like.' Such use is necessary to avoid misleading the trier of fact. Moreover, disclosure can be limited strictly to those portions of a particular witness' testimony that bear upon some aspect of his direct testimony at trial.

*Douglas Oil Co. of California v Petrol Stops Northwest*, 441 US 211, 222, 99 S Ct 1667, 1674, 60 L Ed 2d 156 (1979). Absent ongoing or potential criminal prosecutions or an established privilege, grand jury testimony and prosecution records, if relevant, is discoverable. See,

Here, plaintiff has a particularized need for the grand jury transcript because (1) the DA has represented that "[a]mong the contents in ECDA's large file are documents containing the names of other individuals alleged to have been the victims of sexual crimes" (Dkt. 51 at 5-6)

9

thus, plaintiff needs the grand jury materials to provide the names and testimony of certain unknown witnesses; (2) the defendant Dee has plead guilty, he will not be subject to a trial on the accusations and removes the opportunity plaintiff would have had to obtain information about grand jury witnesses and their testimony at trial, so the only way they can get that information is by a release of some or all of the materials now. See e.g., *Del Cole v Rice*, CV115138MKBWDW, 2013 WL 12316374, at *3 (E.D.N.Y. Nov. 6, 2013) ("Without access to the grand jury materials, plaintiffs cannot know who testified before the grand jury, and will therefore be significantly hampered in their ability to determine which fact witnesses to focus on for purposes of discovery, including depositions."); (3) since the County defendants have identified the District Attorney's in its initial disclosures, and defendant Dee was a defendant in the proceedings, the defendants likely already know the substance of the grand jury testimony, such that fairness requires that plaintiffs receive the same information; (4) statements made by defendant Robert Dee can be used to refresh or for impeachment purposes considering that he offered inconsistent statements in disciplinary proceedings relating to plaintiff's complaint of sexual assault, and later pled guilty to crimes arising out of it.

Moreover, the need for disclosure is greater than the need for continued secrecy, since the substance of the grand jury proceedings was also set forth in plaintiff's complaint, and the grand jury proceeding have long since concluded resulting in a guilty plea. Thus, there is no risk that those about to be indicted would flee or would try to influence individual grand jurors to vote against indictment. In addition, defendant Dee was not exonerated by the grand jury, but rather indicted and pled guilty, thus the subject of the grand jury proceedings will not be held up to public ridicule.

POINT III

**III.    The Names of Inmates Alleged to have been Victims of Sexual Crimes does not prohibit quashing the Erie County DA File.**

The sole case cited by the Erie County DA, *Najera v Lilley*, 21CIV7190CSAEK, 2022 WL 515660, at *1 (S.D.N.Y. Jan. 14, 2022), in support of its argument that this Court should quash plaintiff's subpoena pursuant to section 50-b does not stand for the broad proposition that a subpoena can be quashed on the basis that they may contain names of inmates alleged to have been victims of sexual crimes.

A close read of *Najera v Lilley* shows that it has nothing to do with a motion to quash, but rather concerned a motion to seal specific documents that a petition attached to his petition in support of his habeas claims, specifically, "a transcript of the 'police interrogation,' a transcript of the hearing on his motion to suppress statements made during the 'interrogation,' and the state court decision on Petitioner's motion to withdraw his plea. *Id*. (cleaned up). The Court emphasized that the documents that the petitioner wanted to seal revealed "the full names of both the child victim and her mother, as well as their home address and other facts and information tending to identify the victim." *Id*.

The *Najera* Court cited to *Scott v Graham*, 16CV2372KPFJLC, 2016 WL 6804999, at *2 (S.D.N.Y. Nov. 17, 2016), in support of its decision to seal limited records that pertained to a child rape victim and included the child's address and other information that could identify the child. In *Scott v Graham*, the Court explained that a "request to redact the names of the victim and her mother (as opposed to requesting that the Court seal this entire proceeding) is 'narrowly tailored' to serve the higher value of safeguarding the victim's identity. See, e.g., *United States v. Silver*, No. 15-CR-93 (VEC), 2016 WL 1572993, at *3 (S.D.N.Y. Apr. 14, 2016)." *Id*.

The Erie County DA's request of quashing plaintiff's entire subpoena is not narrowly

tailored. Indeed, a protective order like the one plaintiff proposed that required the parties redact the names of the victims is 'narrowly tailored' to serve the higher value of safeguarding the victim(s) identity(ies).

POINT IV

**IV.    Defendant Dee's Criminal History is Relevant to Show prior sexual crimes.**

Defendant vaguely claims that the criminal history is not relevant. In a civil action pending in federal court that involves federal and state law claims, "only privileges recognized as a matter of federal law are applicable." *Pane v Town of Greenburgh*, 07 CIV. 3216 (LMS), 2009 WL 10740041, at *2 (SDNY May 14, 2009) (internal citations omitted). There is no federal privilege afforded to criminal history reports. "A motion to quash 'is not an all-or-nothing proposition; the Court may not only grant or deny such a motion, but it may also order the subpoena modified if appropriate.'"

Plaintiff requests that the Court compel production of the criminal history because it is relevant to show defendant Dee's prior sexual crimes, if any.

POINT V

**V.    Work Product Protection Does Not Apply and even if it did, it was waived due to the failure to provide a privilege log.**

Assuming *arguendo*, that this Court does not find waiver due to the lack of a privilege log (*Erie County Dist. Attorney's Off.*, 2021 WL 4172876, at *3,) plaintiff will turn to this point.

As one Court recently summed it up, "[i]n this precise context—a civil rights lawsuit against a county or municipality—the cases denying privilege to the non-party district attorney's office are legion. As one Court has explained, "[i]t is settled that the attorney-work product protection applicable to a prosecution file is inapplicable to subsequent civil rights action later brought by a defendant in a

12

prior criminal case." *Erie Cnty. Dist. Attorney's Office v. Gugino*, No. 21-CV-283, 2021 WL 4172876, at *3 (W.D.N.Y. Sept. 14, 2021) (collecting cases)." *Lawrence v Suffolk County*, 19-CV-2887-FB-SJB, 2022 WL 855380, at *7 (E.D.N.Y. Mar. 23, 2022).

"The work product rule has no application to a document prepared by and in the hands of a third person who is neither a party to nor interested in the action." *Polycast Tech. Corp. v. Uniroyal, Inc.*, No. 87 CIV. 3297 (CSH), 1990 WL 138968, at *2 (S.D.N.Y. Sept. 20, 1990).

Rule 26(b)(3) is inapplicable because the Erie County DA is not a party to this action. *Polycast*, 1990 WL 138968, at *2; see also *Abdell v. City of New York,* 05 CIV. 8453 KMK JCF, 2006 WL 2664313 (S.D.N.Y. Sept. 14, 2006); 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2024, at 354 ("Documents prepared for one who is not a party to the present suit are wholly unprotected by Rule 26(b)(3) even though the person may be a party to a closely related lawsuit in which he will be disadvantaged . . . ."). "[C]ourts . . . have consistently held that the privilege is unavailable when a prosecutor in a prior criminal investigation later objects to discovery of her work product by a litigant in a related civil lawsuit." *Abdell*, 2006 WL 2664313, at *3 (citing cases; internal quotation marks omitted); *Hernandez v. Longini*, 96 C 6203, 1997 WL 754041, at *2 (N.D. Ill. Nov. 13, 1997) (there is no "authority holding that a public prosecutor--having completed his investigation and having announced ... that no further action would be taken by him--is entitled to rely upon the work product doctrine when the fruits of his investigation become relevant to civil litigation to which he is not a party" (internal quotation marks omitted)).

Moreover, there is no policy reason to apply work product protection here because the defendant Robert Dee pled guilty to crimes relating to Jane Doe, and the DA has closed the underlying criminal case, "there are no concerns with interfering with an ongoing criminal investigation." *Ostrowski v. Holem*, 02 C 50281, 2002 WL 31956039, at *4 (N.D. Ill. Jan. 21, 2002); see also

*Hernandez*, 1997 WL 754041, at *2 (noting that the danger of "a less diligent attorney raiding the file of a previously diligent attorney, is not present where the prior case was criminal and the subsequent civil" (internal quotation marks omitted)). Moreover, "courts have regularly held that in cases of alleged police misconduct, plaintiffs have a substantial need to discover statements that the officers made to prosecutors." *Abdell v. City of New York*, No. 05 Civ. 8453, 2006 WL 2664313, at *7 (S.D.N.Y. Sept. 14, 2006) (citing *Boyd v. City and County of San Francisco*, No. C–04–5459, 2006 WL 1141251, at *4 (N.D.Cal. May 1, 2006)).

In any event, the Erie County DA has waived any claim of privilege by failing to produce a "privilege log as required under Fed. R. Civ. P. 45(d)(2)." *In re Application For Subpoena To Kroll*, 224 F.R.D. 326, 329 (E.D.N.Y. 2004).

## II.   CONCLUSION

For the foregoing reasons, it is respectfully submitted that plaintiff's cross-motion to compel be granted, and non-party Erie County DA's motion to quash be denied, and that the Court direct the parties to agree to a protective order that the names and identify information of victims from the public docket shall be redacted.

Respectfully submitted this 24th day of May, 2024.

/s/ Melissa D. Wischerath, Esq.
Melissa D. Wischerath
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, #120
Buffalo, NY 14202
(716) 849-1333
mwischerath@lglaw.com