UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JANE DOE,

                         Plaintiff,

v.                                                       **DECISION AND ORDER**
                                                      22-cv-815-JLS-JJM

ERIE COUNTY,
TIMOTHY B. HOWARD, Individually and in his
Capacity of Sheriff of Erie County, New York,
THOMAS DIINA, Superintendent of the Jail
Management Division, and
ROBERT M. DEE, Erie County Sheriff's Office
Deputy of Erie County Holding Center,

                         Defendants.
_____

        The claims in this action arise from the alleged sexual assault of plaintiff Jane Doe by defendant Robert Dee while she was an inmate at the Erie County Holding Center. Amended Complaint [3], ¶¶28-36.[1] Dee was later indicted by the Erie County District Attorney ("ECDA"), and he pled guilty to crimes arising from the sexual assault of Doe and another victim. *See* Doe's Memorandum [53-2] at 2. Doe served a subpoena *duces tecum* dated March 13, 2024 on the ECDA, a non-party, requesting its file related to Dee's prosecution. *See* [51] at 20-23.[2]

---

[1]    Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

[2]    Specifically, the subpoena seeks: "(1) The District Attorney file relating to Robert Dee and/or pertaining to the indictment involving him known as the People of the State of New York versus Robert Dee under IND-71243-22/001, and Erie County DA Legacy Number 00112-2021. . . ; and (2) Documents and information, including electronically stored information . . . , video, audio communication, email and/or text, and notes relative to subsequent criminal proceedings pertaining to the indictment." [50] at 23.

Before the court are the ECDA's motion to quash the subpoena [51] (incorrectly filed as a cross-motion to quash and opposition to motion to compel) and Doe's cross-motion to compel compliance with the subpoena [53], both of which have been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [15]. Having considered the parties' submissions [51, 53], the motions are granted in part and denied in part.

**DISCUSSION**

Under Rule 45(d)(3)(A), a subpoena may be quashed or modified if the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." "Although governed in the first instance by Rule [Fed. R. Civ. P.] 45, non-party subpoenas are also subject to the parameters of Rule 26." Louisiana Corral Management, LLC v. Axis Surplus Insurance Co., 650 F.Supp.3d 491, 499 (E.D. La. 2023).

While "a party must be afforded a meaningful opportunity to establish the facts necessary to support his claim", In re Agent Orange Product Liability Litigation, 517 F.3d 76, 103 (2d Cir. 2008), under Rule 26 discovery is generally limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(1).

"[R]elevance, for purposes of discovery, is an extremely broad concept". Austin Air Systems, Ltd. v. Sager Electrical Supply Co., Inc., 2022 WL 464230, *12 (W.D.N.Y. 2022),

adopted, 2023 WL 540119 (W.D.N.Y. 2023). It "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case". Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). "This principle is even more expansive in the context of civil rights litigation under §1983." Cornelius v. Luna, 2023 WL 3071414, *2 (D. Conn. 2023). *See also* Jackson v. Monin, 2015 WL 5714243, *3 (W.D.N.Y. 2015) (McCarthy, M.J.) ("[a]ctions alleging violations of § 1983 require especially generous discovery"); Ivery v. Baldauf, 2015 WL 13877948, *1 (W.D.N.Y. 2015) ("[f]ederal policy favors broad discovery in civil rights actions").

        The party issuing the subpoena bears the burden of establishing relevance, but "[o]nce relevance is established, the burden shifts to the party moving to quash to show the subpoena "is overbroad, duplicative, or unduly burdensome". Estate of Dabela v. Town of Redding, 2018 WL 7458278, *1 (D. Conn. 2018). With these considerations in mind, I will address the motions.

        The ECDA argues that the subpoena is overbroad and unduly burdensome; seeks grand jury materials, which are protected under New York Criminal Procedure Law ("CPL") §190.25(4); seeks the identities of individuals who are alleged to have been the victim of sexual crimes, which are protected under New York Civil Rights Law §50-b; seeks criminal history reports, which are "sensitive materials" that require "a showing of relevance and proportionality" to warrant disclosure; and seeks attorney work product. *See* ECDA's Memorandum of Law [51] at 4-10.

A.      **Overbreadth and Burden**

Without elaboration, the ECDA argues that the "subpoena is overly broad and places a substantial burden on [it]". ECDA's Memorandum of Law [51] at 5.  However, as Doe notes (Memorandum [53-2] at 5) any claims of undue burden are difficult to reconcile with the ECDA's concession that its entire file consists only of a "banker's box of documents". ECDA's Memorandum of Law [51] at 5.  Moreover, to alleviate any undue burden on the ECDA, Doe offers to handle the photocopying of the file.

The ECDA's generalized claims of overbreadth are also insufficient to warrant quashing the subpoena. See John Wiley & Sons, Inc. v. Book Dog Books, LLC, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) ("[g]eneral and conclusory objections as to . . . overbreadth . . . or burden are insufficient to exclude discovery of requested information"); Reid v. Dan Yant, Inc., 2018 WL 11453540, *1 (E.D.N.Y. 2018) ("conclusory statements are not permissible bases to avoid production obligations").  Therefore, I conclude that the ECDA has not demonstrated that the subpoena is overbroad or that compliance would create an undue burden.

B.      **Grand Jury Material**

"Pursuant to New York Criminal Procedure Law § 190.25(4), grand jury testimony is secret and may not be disclosed except by court order." Kochan v. Kowalski, 2022 WL 3648023, *2 (W.D.N.Y. 2022).  However, "a federal court is not bound by state law protecting the secrecy of state grand jury proceedings". Hasan v. Onondaga County, 2020 WL 1933581, *2 (N.D.N.Y. 2020).  "Nevertheless, if the federal court can recognize state privileges at no substantial cost to substantive and procedural policy, the strong policy of comity between

state and federal sovereignties urges the federal court to do so." Anilao v. Spota, 918 F. Supp. 2d 157, 171 (E.D.N.Y. 2013).

Initially, Doe argues that any privilege has been waived as a result of the ECDA's failure comply with Rule 45(e)(2)(A), which requires nonparties to provide a privilege log. Doe's Memorandum [53-2] at 7. However, it is only "[i]n appropriate circumstances" that "failure to comply with the privilege log requirements may constitute waiver of the privilege". Geomatrix Systems, LLC v. Eljen Corp., 2022 WL 4585546, *7 (D. Conn. 2022); In re Application For Subpoena To Kroll, 224 F.R.D. 326, 328 (E.D.N.Y. 2004) ("[f]ailure to submit a privilege log may be deemed a waiver of the underlying privilege claim"); Wisconsin Province of Society of Jesus v. Cassem, 2019 WL 4928866, *4 (D. Conn. 2019). Given the "significant public interest in maintaining the secrecy of grand jury proceedings", I am reluctant to find that the confidentiality protections afforded these materials has been waived. Fox v. County of Yates, 657 F. App'x 60, 63 (2d Cir. 2016) (Summary Order). *See also* People v. Conte, 17 Misc. 2d 664, 186 N.Y.S.2d 393 (Oneida Co. Ct. 1959) ("[t]he secrecy of proceedings before a grand jury is a fundamental principle of justice, and the law makes every effort to safeguard such secrecy").

Both parties agree that disclosure can occur upon a showing of "particularized need". *See* ECDA's Memorandum of Law [51] at 6; Doe Memorandum [53-2] at 9. Although the parties dispute whether Doe has made that showing here, "as a preliminary matter, requests for grand jury testimony should generally be directed first to the court that supervised the grand jury's proceedings . . . . If, however, the state court denies a request related to a pending civil case in federal court, the federal court must then make an independent determination as to whether the grand jury testimony should be unsealed." Soto v. City of New York, 2015 WL 14072742, *1 (S.D.N.Y. 2015); Young v. Lugo, 2022 WL 511454, *1 (E.D.N.Y. 2022) ("[a]s a

precondition to a federal court entertaining a motion to unseal grand jury materials, the party seeking the release of the materials generally must first apply for relief in the relevant state court"); United States v. Alleyne, 2021 WL 2414290, *2 (E.D.N.Y. 2021) ("[c]ourts in this Circuit generally require a movant seeking to unseal state-court grand jury documents to first move for relief in state court, in the interests of comity"); Anilao v. Spota, 918 F. Supp. 2d 157, 171 (E.D.N.Y. 2013) (this procedure "is designed merely to forestall unnecessary intrusion by the federal courts in state grand jury proceedings or, at least, to ensure that the important state interest in secrecy is thoroughly considered").

There is no indication in the record before me that Doe has sought the release of the grand jury materials in state court. Although there is no requirement that such requests initially be directed to the court that supervised the grand jury,[3] this practice "is grounded in principles of comity designed to ensure that the court which supervised the grand jury has the first opportunity to weigh the need for secrecy against the need for disclosure". Fox v. County of Yates, 922 F. Supp. 2d 424, 434 (W.D.N.Y. 2013); Young, 2022 WL 511454 at *2 ("[p]laintiff has not provided, nor can this Court find, any compelling reason to depart from the well-settled practice of allowing the state court to address this matter in the first instance").

I agree with Doe that not every document associated with the grand jury process is necessarily cloaked in grand jury secrecy. See Doe's Memorandum [53-2] at 8 ("'documents are not cloaked with secrecy merely because they are presented to a grand jury'", *quoting* United States v. Lartey, 716 F.2d 955, 964 (2d Cir. 1983)). However, I will defer in the first instance to

---

[3]     *See, e.g.,* Bethea v. City of New York, 2017 WL 979030, *2 (E.D.N.Y. 2017) (since "it is neither efficient nor required to have plaintiffs first seek disclosure of state court grand jury materials in state court[,] . . . I join in the view that it would be more burdensome than deferential to ask a state court to balance the competing interests of grand jury secrecy with the needs of a civil litigation that is unfamiliar to the state court and not pending before it").

the state court on that issue, but to permit Doe to identify what documents are being withheld on the grounds of grand jury secrecy, the ECDA shall promptly produce a privilege log of these documents.

C.      **Identities of Inmates Alleged to have been Victims of Sexual Crimes**

Doe argues that "the names of other victims known to or investigated by the [ECDA] is highly relevant . . . because [she] has alleged" that the defendant knew of the imminent threat of sexual assault that Dee posed to her and others, yet failed through its policies and procedures to adequately protect them. Doe's Memorandum [53-2] at 6 (*citing* Amended Complaint [3], ¶¶1, 51). The relevance of this information is not disputed by the ECDA. Instead it relies on New York Civil Rights Law §50-b, which requires that the identities of sexual assault victims remain "confidential", but allows the court to order "any restrictions upon disclosure . . . as it deems necessary and proper to preserve the confidentiality of the identity of the victim". Id. §§50-b(1), b(3).

Since "this case is presently in federal court based upon questions of constitutional and federal statutory law, the application of New York's Civil Rights Law is not mandatory". Benacquista v. Spratt, 2017 WL 11286310, *3 (N.D.N.Y. 2017). Nevertheless, "the issue of protecting unnecessary disclosure of private and personal information is a concern that runs with equal strength through the federal system". Id.

Doe does not dispute these privacy concerns, but instead of quashing the subpoena in its entirety, she contends that "a protective order . . . that require[s] the parties to redact the names of the victims is 'narrowly tailored' to serve the higher value of safeguarding the victim(s) identity(ies)". Doe's Memorandum [53-2] at 11-12. "In balancing the interests of

the parties seeking evidence to prove their case and the individuals seeking to protect their privacy, numerous federal courts have followed § 50-b and either seal or redact the identification of a rape victim." Benacquista, 2017 WL 11286310 at *3.  Absent any explanation from the ECDA why protections such as this would be insufficient to protect the privacy interests of the victims, I conclude that the records shall be produced subject to a protective order that adequately protects the disclosure of the identities of the victims. If the parties are unable to reach agreement on the terms of a protective order, they shall promptly notify me.

**D.     Dee's Criminal History Report**

The ECDA contends that any criminal history reports contained in its file are "sensitive materials, whose disclosure requires a showing of relevance and proportionality", but that the "subpoena fails to include facts or circumstances that warrant the release of . . . [these] materials". ECDA's Memorandum of Law [51] at 9 (*citing* Benn v. City of New York, 2019 WL 4857339, *4 (S.D.N.Y. 2019)).  However, Doe argues, and the ECDA does not dispute, that "[t]here is no federal privilege afforded to criminal history reports". Doe's Memorandum [53-2] at 12.

Likewise, there is no requirement that the subpoena itself "include facts or circumstances" supporting the relevance of the requested documents.  As another means of supporting her allegation that the defendants knew of the risk posed by Dee, Doe explains that Dee's criminal history is "relevant to show [his] prior sexual crimes, if any". Doe's Memorandum [53-2] at 12.  This is not disputed by the ECDA.  Nor does the burden associated with the production of this document outweigh its relevance.  Therefore, Dee's criminal history report shall be produced.

E.     **Work Product Protection**

"The court applies federal law to determine the applicability of the work product doctrine in all actions in federal court." Jean v. City of New York, 2010 WL 148420, *1 (E.D.N.Y. 2010). "The doctrine is embodied, in part, in Rule 26(b)(3) . . . which gives qualified protection to 'documents . . . prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative.'" Id.

Initially, Doe argues that the work product doctrine of Rule 26(b)(3) is "inapplicable because the [ECDA] is not a party to this action". Doe's Memorandum [53-2] at 13. I agree. Rule 23(b)(3) "has no application here . . . because by its express terms it affords protection only to documents prepared 'by or for another party or its representative.' [Rule] 26(b)(3)(A). As the [District Attorney] is not a party, Rule 26(b)(3) simply does not apply." Jean, 2010 WL 148420 at *1 (E.D.N.Y. 2010). See also Schomburg v. New York City Police Department, 298 F.R.D. 138, 142–43 (S.D.N.Y. 2014); Kogut v. County of Nassau, 2011 WL 13284713, *2 (E.D.N.Y. 2011) ("[t]he [District Attorney] memos are not protected by Rule 26 (b)(3) because they were neither created by a party, nor created in anticipation of litigation").

However, even if Rule 26(b) does not apply, "the work-product doctrine as articulated in Hickman v. Taylor, 329 U.S. 495, 508, (1947) and its progeny can apply, even to non-parties". Powell v. United States, 2022 WL 2188167, *3 (S.D.N.Y. 2022); Jackson v. Nassau County, 340 F.R.D. 539, 544 (E.D.N.Y. 2022) ("[t]he work product doctrine is codified by [Rule] 26(b)(3), which affords protection to party documents, but is also available to non-parties pursuant to the common law"). "[S]everal courts have extended work-product protection to non-parties when that vindicated the purposes underlying the doctrine." Jean, 2010 WL 148420 at *2.

"Like Rule 26(b)(3), the common law work product protection applies to documents prepared in anticipation of litigation. The doctrine is appropriate to apply where disclosure of documents would (1) alter attorney behavior, (2) reward sloth, or (3) interfere with ongoing litigation." Jackson, 340 F.R.D. at 545. Doe argues that "there is no policy reason to apply work product protection here because . . . Dee pled guilty to crimes relating to [her], and the [ECDA] has closed the underlying criminal case". Doe's Memorandum [53-2] at 13. This is not challenged by the ECDA. Other than stating that the subpoena would require the release "of, among other things, intra-office correspondence naming another alleged victim of sexual crimes", the ECDA does not argue that the disclosure would interfere with any ongoing litigation or otherwise offer any specific argument as to why these largely unidentified documents are entitled to work product protection. ECDA's Memorandum of Law [51] at 9.

Such "generalized assertions . . . [are not] sufficient to avoid compliance." Erie County District Attorney's Office v. Gugino, 2021 WL 4172876, *3 (W.D.N.Y. 2021). Pursuant to Rule 45, a subpoena recipient "is required to 'expressly claim the privilege and describe the nature of the documents, communications, or things not produced in sufficient detail that the court and parties can assess the privilege'". Id. (*quoting* Baicker–McKee, *et al.*, Federal Civil Rules Handbook at 1067 (2021)).

As Doe argues (Memorandum [53-2] at 12, 14), the failure to provide a privilege log can constitute a waiver of privilege (*see* Gugino, 2021 WL 4172876 at *3), but even in the absence of any waiver, the ECDA has not made a sufficient showing that the work product privilege should bar the disclosure.

In any event, the attorney work product privilege is a "qualified protection" that can be overcome by a showing of need. Malherbe v. Oscar Gruss & Son, Inc., 2024 WL

3299794, *2 (S.D.N.Y. 2024). There are two categories of work product - fact, which "encompass[es] factual material, including the result of a factual investigation", and core, which reveals the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative". In re Grand Jury Subpoena Dated July 6, 2005, 510 F.3d 180, 183 (2d Cir. 2007). These two categories are entitled to different levels of protection: whereas fact work product is "subject to disclosure once plaintiff has demonstrated substantial need", core work product is "entitled to the highest protection afforded by law", Vasquez v. City of New York, 2014 WL 6356941, *1 (S.D.N.Y. 2014), which requires "at minimum . . . a highly persuasive showing of need" for disclosure. In re Grand Jury Proceedings, 219 F.3d 175, 190 (2d Cir. 2000); Crosby v. City of New York, 269 F.R.D. 267, 279-80 (S.D.N.Y. 2010).

    Doe argues that she requires access to this information because "(1) the [ECDA's] file is unavailable from any other source . . . ; and (2) the [ECDA's] file contains information that is no longer available to plaintiff to the extent that the investigation included contemporaneous statements and interviews of victims and/or others involved in the investigation of . . . Dee, and (3) because it identifies other victims alleged to have been the victims of sexual crimes by defendant Dee while detained or incarcerated at the holding center that has not been disclosed to plaintiff in discovery" and which is relevant to "support her allegations that despite known risks and frequent incidents of sexual misconduct by defendant Dee, the County defendants through their policies and procedures failed to protect the women detainees in their custody from harm, among others". Doe's Memorandum [53-2] at 6-7.

    None of this is disputed by the ECDA. Nor does it identify any core work product. Therefore, the ECDA's claims of attorney work product production are insufficient to quash the subpoena.

## CONCLUSION

For these reasons, the ECDA's motion to quash [51] and Doe's motion to compel [53] are granted in part and denied in part. With the exception of any grand jury materials, the ECDA shall comply with the subpoena subject to the entry of a protective order maintaining the confidentiality of the identity of any alleged sexual assault victims. The parties shall promptly notify my chambers if they are unable to reach agreement on the terms of a protective order. The ECDA shall promptly produce a privilege log of any grand jury materials being withheld, and if necessary, Doe may file a renewed motion for production of these materials after first seeking production from the court that supervised the grand jury.

SO ORDERED.

Dated:  September 5, 2024

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
