

# Lipsitz Green Scime Cambria LLP

Attorneys at Law    42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924  P 716 849 1333  F 716 855 1580 (Not for Service)  www.lglaw.com

James T. Scime
Michael Schiavone
Richard P. Weisbeck, Jr.
Mark L. Stulmaker
Barry Nelson Covert
Robert L. Boreanaz
Thomas M. Mercure
John A. Collins
Michael P. Stuermer [2,3]
Cherie L. Peterson
Joseph J. Manna
William P. Moore
Thomas C. Burnham
Jonathan W. Brown [3]
Diane M. Perri Roberts
Matthew B. Morey
Max Humann
Justin D. Ginter
Dale J. Bauman [2,6]
Melissa D. Wischerath [7]
Jaime Michelle Cain [5]
Sharon M. Heim
Paul J. Cieslik
Gregory P. Krull
Robert E. Ziske
Patrick J. Mackey [4]
Erin McCampbell Paris
Richard A. Maltese [3]
Karoline R. Faltas-Peppes
Robert M. Corp [9]
Taylor D. Golba
Amy C. Keller [8]
Christopher R. Poole
Ryan C. Johnsen
Anthony R. Faraco, Jr.
Amy J. Vigneron
William J. Justyk [10]
Christina M. Croglio
Alexander R. DiDonato
Candace L. Morrison
Victoria E. Dailey
Miriam E. Trojanovic

OF COUNSEL
Paul J. Cambria, Jr. [1,3,5]
Patrick C. O'Reilly
Herbert L. Greenman
Laraine Kelley
Joseph J. Gumkowski
George E. Riedel, Jr. [2]
Terrie Benson Murray

SPECIAL COUNSEL
Richard D. Furlong
Scott M. Schwartz
Robert A. Scalione [2]

ALSO ADMITTED IN
1  District of Columbia
2  Florida
3  California
4  Illinois
5  Pennsylvania
6  New Jersey
7  Oregon
8  Massachusetts
9  Connecticut
10 Washington

October 25, 2024

**<u>VIA CM/ECF</u>**
Hon. Jeremiah J. McCarthy
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202

RE:  Jane Doe v. Erie County et al.,
     Case No.: 22-cv-00815

Dear Judge McCarthy:

This Court is well familiar with the instant action. Thus, the facts are limited to the specific issue that plaintiff seeks judicial intervention from the Court.

A Decision and Order was entered by this Court on September 5, 2024, in connection with the above action which provides that with the exception of any grand jury materials the Erie County District Attorney "ECDA" shall comply with the subpoena subject to the entry of a protective order maintaining the confidentiality of the identity of any alleged sexual assault victims (Dkt. 58).

The Court ordered, "Absent any explanation from the ECDA why protections such as this would be insufficient to protect the privacy interests of the victims, I conclude that the records shall be produced subject to a protective order that adequately protects the disclosure of the identities of the victims. If the parties are unable to reach agreement on the terms of a protective order, they shall promptly notify me." Id.

On October 1, 2024, plaintiff circulated a draft protective order for consideration by the ECDA. A copy of plaintiff's first draft is attached hereto as Exhibit A. On October 10, 2024, the ECDA circulated a revised draft protective order for consideration by the plaintiff. A copy of the ECDA's first draft is attached hereto as Exhibit B. After a phone conferral, plaintiff emailed a further revised protective order that accepted all of the ECDA's revisions with the exception of the definition of "Confidential Information." A copy of plaintiff's revised draft of the ECDA protective order is attached hereto as Exhibit C.

In accordance with this Court's order, plaintiff's counsel, and counsel for the ECDA have engaged in several phone calls, emails, and exchanged drafts of a protective order, however, have not been able to reach agreement on the terms of a protective order. Thus, the plaintiff is notifying the Court that the parties were unable to reach agreement on the



Lipsitz Green Scime Cambria LLP

terms of a protective order, and is seeking this Court order the parties to enter into a protective order as set forth at Exhibit C.

In sum, the parties disagree on the definition of "Confidential Information."

The ECDA proposed the following definition:

> Documents produced by ECDA and information contained therein that is relevant to the identity of victims, narratives provided by victims and any factual investigation into the allegations of sexual assault victims, shall be treated as "Confidential Information";

Ex. B.

The plaintiff revised it and proposed the following definition:

> Information contained within the documents produced by the ECDA that reflects the identity of victims (including victim's names or personal identifying information), shall be treated as "Confidential Information";

Ex. C.

Plaintiff's opposes the overly broad and restrictive language proposed by the ECDA because 1) it requires a subjective assessment to determine "relevancy"; 2) is overly broad to the extent that the narratives provided by victims and any factual investigation into the allegations of sexual assault victims would be required as evidence for plaintiff to prevail on many of the actions alleged in her complaint; 3) renders Paragraph 5 meaningless, since plaintiff would not be able to file any of the documents in court filings; and 4) impermissibly shift the burden of sealing documents onto the plaintiff. Paragraph 5 states "That in all papers filed in this action, and all judgments, orders, decisions, notices to or from the Court, and any other documents relating to this action, Confidential Information shall be redacted." Exs. B and C.

Moreover, as this Court is aware, in similar cases, including a State lawsuit arising out of some of the allegations that gave rise to the instant action, the identity of victims (including victim's names or personal identifying information) was redacted, however, narratives provided by victims and any factual investigation into the allegations of sexual assault victims, was part of the public docket. Attached hereto as **Exhibit D** is a copy of a recent monitoring report by the monitor for the Erie County Holding Center that was filed as a publicly available court document with the victim's names or personal identifying information redacted, however, the narratives provided by the

# Lipsitz Green Scime Cambria LLP

victims and any factual investigation into the allegations of sexual assault victims was not redacted and available to the public.

Furthermore, in the underlying criminal proceedings the ECDA publicly referred to the victim's by names during the criminal proceedings relating to defendant Dee. Thus, the ECDA's interest in protecting the victim's names seems absurd since they have previously revealed the identity of some victims of defendant Dee (including victim's names or personal identifying information) in court proceedings.

Finally, there has been no explanation from the ECDA why protections such as the protective order proposed by the plaintiff would be insufficient to protect the privacy interests of the victims.

Thus, plaintiff requests that this Court order the implementation of the protective order proposed by the County and revised by the plaintiff as set forth in Exhibit C.

Respectfully,

LIPSITZ GREEN SCIME CAMBRIA, LLP

/s/ Melissa D. Wischerath

Melissa D. Wischerath

