**Consent Decree Monitor's Dee Investigation File Review**

**Findings**

PSU 2020-59

A written allegation by Inmate ▮▮▮▮▮▮▮▮ asserted that she witnessed Sgt. Dee and Inmate ▮▮▮▮▮▮ "kissing and fondling each other". The PSD report documents that ▮▮▮ stated that she "never had sex with anyone" and "nothing ever happened", and concludes that "There is a lack of evidence to corroborate the allegations of Inmate ▮▮▮▮▮▮▮ that there was any sexual abuse of Inmate ▮▮▮▮▮▮▮ by Sgt. Robert Dee. Inmate ▮▮▮▮▮▮▮ gave a written statement detailing that she saw Inmate ▮▮▮▮▮▮▮ and Sgt. Robert Dee kissing and fondling each other. Inmate ▮▮▮▮▮▮▮ denies any physical or sexual contact with Sgt. Robert Dee. Inmate ▮▮▮, in her written statement, ▮▮▮▮▮▮▮▮▮▮▮▮, stated that she "never had sex with anyone" and "nothing ever happened" while at the Erie County Holding Center." (PSU 20-59 Page 4). Arguably, more detail on the ▮▮▮ denial would be necessary, and she should have been specifically asked about the kissing and touching, which would constitute a sexual harassment PREA related incident.

PSU 2020-83

Inmate ▮▮▮▮▮▮ claimed Sgt. Dee paid her to keep quite about the sexual abuse related activities as noted in the investigation report as "Inmate ▮▮▮▮▮▮ stated that she would get ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ She claims that Sgt. Dee told her that the extra money was for the "you and me stuff" and not to mention to the other inmates what she was receiving in trustee pay." (PSU 20-83 page 4)

Her assertion is corroborated in the following: "According to the Erie County Holding Center Trustee Payroll Program report, Inmate ▮▮▮▮▮▮ received extra pay per Sgt. Dee with the note that she was owed for the prior week. After reviewing Alpha Long's Destination Forms and Log Book for October and November 2019, no information was logged that she ever left the housing unit to clean or that Sgt. Dee removed her from the housing unit by herself." (PSU 20-83 page 4).

Detectives did not inquire from Inmate ▮▮▮▮▮▮▮ if there were any other inmates who witnessed the behaviors. Such information could have resulted in further evidence of a sexual encounter.

PSD 2021-28

No comments or concerns raised.

PSD 2021-57

No comments or concerns raised.

**Resolution:**

Ultimately, among other crimes related to another victim, the grand jury indicted Dee for failing "to report that inmate ▇▇▇▇ provided him with a telephone number to contact her", for engaging "in physical contact with inmate ▇▇▇▇ while she was incarcerated", and for forcibly touching "the sexual or other intimate parts of another person, to wit: the breasts of ▇▇▇▇". The indictment resulted from further investigation into this matter and information uncovered by the Erie County District Attorney's Office. Dee pled to Criminal Contempt 2nd degree and Official Misconduct, both A misdemeanor crimes.

**Recommendations:**

1. ECSO should ensure that when JMD PREA related, sexual harassment, sexual misconduct and/r sexual abuse cases are supported by the Detective Bureau with additional investigator(s), such investigator(s) have completed trauma-informed investigations training.

2. Where there is corroborating evidence or witness testimony that either supports further inquiry, or non-criminal administrative charges against ECSO employees, there should be such further inquiry.

SUPREME/COUNTY COURT : ERIE COUNTY

THE PEOPLE OF THE STATE OF NEW YORK

    against        ECDA Legacy No. 00112-2021

ROBERT DEE

THE GRAND JURY OF THE COUNTY OF ERIE, by this indictment, accuses ROBERT DEE of the following crime:

FIRST COUNT: OFFICIAL MISCONDUCT, in violation of Penal Law §195.00(2), in that the said ROBERT DEE, on or about and between the 19th day of March, 2019 and the 29th day of May, 2019, in this County, while acting as a public servant, with intent to obtain a personal benefit, knowingly refrained from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office, to wit: while employed as a Sargent with the Erie County Sheriff's Office, failed to report that inmate [REDACTED] provided him with a telephone number to contact her.

AND THE GRAND JURY OF THE COUNTY OF ERIE, by this indictment, accuses ROBERT DEE of the following crime:

SECOND COUNT: OFFICIAL MISCONDUCT, in violation of Penal Law §195.00(2), in that the said ROBERT DEE, on or about and between the 19th day of March, 2019 and the 14th day of May, 2019, in this County, while acting as a public servant, with intent to obtain a personal benefit, knowingly refrained from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office, to wit: while employed as a Sargent with the Erie County Sheriff's Office, engaged in physical contact with inmate [REDACTED] while she was incarcerated.

AND THE GRAND JURY OF THE COUNTY OF ERIE, by this indictment, accuses ROBERT DEE of the following crime:

THIRD COUNT: FORCIBLE TOUCHING, in violation of Penal Law §130.52(1), in that the said ROBERT DEE, on or about and between the 19th day of March, 2019 and the 14th day of May, 2019, in this County, did forcibly touch the sexual or other intimate parts of another person, to wit: the breasts of ▮▮▮▮▮▮▮▮.

AND THE GRAND JURY OF THE COUNTY OF ERIE, by this indictment, accuses ROBERT DEE of the following crime:

FOURTH COUNT: OFFICIAL MISCONDUCT, in violation of Penal Law §195.00(1), in that the said ROBERT DEE, on or about the 22nd day of October, 2021, in this County, while acting as a public servant, with intent to obtain a personal benefit, knowingly committed an unauthorized exercise of his official function, to wit: while employed as a Sargent with the Erie County Sheriff's Office, used a patrol vehicle owned by the Erie County Sheriff's Office during work hours to transport Julie Brooks, who had no legitimate County business at the time.

AND THE GRAND JURY OF THE COUNTY OF ERIE, by this indictment, accuses ROBERT DEE of the following crime:

FIFTH COUNT: CRIMINAL CONTEMPT IN THE SECOND DEGREE, in violation of Penal Law §215.50(3), in that the said ROBERT DEE, on or about the 4th day of January, 2022, in this County, knowingly and intentionally disobeyed the lawful mandate of the Town of Brant Court, to wit: an Order of Protection issued by Judge Jeffrey Gier on December 9, 2019 for the protection of Julie Brooks, by having Julie Brooks at his residence, and said case not involving or growing out of a labor dispute.

AND THE GRAND JURY OF THE COUNTY OF ERIE, by this indictment, accuses ROBERT DEE of the following crime:

SIXTH COUNT: TAMPERING WITH A WITNESS IN THE FOURTH DEGREE, in violation of Penal Law §215.10(a), in that the said ROBERT DEE, on or about and between the 18th day of January, 2022 and the 20th day of February, 2022, in this County, knowing that Julie Brooks was about to be called as a witness in a Grand Jury proceeding, he wrongfully induced or attempted to induce Julie Brooks to absent herself or otherwise seek to avoid appearing or testifying

at such action.

AND THE GRAND JURY OF THE COUNTY OF ERIE, by this indictment, accuses ROBERT DEE of the following crime:

SEVENTH COUNT: CRIMINAL CONTEMPT IN THE SECOND DEGREE, in violation of Penal Law §215.50(3), in that the said ROBERT DEE, on or about and between the 18th day of January, 2022 and the 20th day of February, 2022, in this County, knowingly and intentionally disobeyed the lawful mandate of the Town of Brant Court, to wit: an Order of Protection issued by Judge Jeffrey Gier on December 9, 2019 for the protection of Julie Brooks, by engaging in communication with Julie Brooks, and said case not involving or growing out of a labor dispute.

S/JOHN J. FLYNN
_____
JOHN J. FLYNN  ne CCG
DISTRICT ATTORNEY OF ERIE COUNTY

# CERTIFICATE OF CONVICTION OR DISCHARGE

## SUPERIOR COURT
## ERIE COUNTY
## BUFFALO, NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

INDICTMENT NO: 00112-2021
SCI NO: 71243-22/001

AGAINST

ADA: G. ERTEL / N. ELNAKIB

DC: T. GALLAGHER

CR: S. THIE

ROBERT M. DEE
DOB: 01-27-1981
DATE OF ARREST: 04-26-2022

The above-named defendant having been brought before the Honorable DEBORAH A. HAENDIGES, JSC, a JUSTICE of the SUPREME Court, of Erie County charged with: **COUNTS 1-2:** OFFICIAL MISCONDUCT PL 195.00(2); **COUNT 3:** FORCIBLE TOUCHING PL 130.52(1); **COUNT 4:** OFFICIAL MISCONDUCT PL 195.00(1); **COUNT 5:** CRIMINAL CONTEMPT IN THE SECOND (2ND) DEGREE, PL 215.50(3); **COUNT 6:** TAMPERING WITH A WITNESS IN THE FOURTH (4TH) DEGREE, PL 215.10(a); **COUNT 7:** CRIMINAL CONTEMPT IN THE SECOND (2ND) DEGREE, PL 215.50(3);

**and the above defendant having:**

Entered a plea of guilty on 05-1-2023

Been convicted after trial on ----------

Been acquitted after trial on ----------

To a charge of **COUNT 1**: OFFICIAL MISCONDUCT PL 195.00(2), "A" MISDEMEANOR;
**COUNT 5**: CRIMINAL CONTEMPT IN THE SECOND (2ND) DEGREE, PL 215.50(3), "A" MISDEMEANOR;

and sentenced on 08-07-2023 to THREE (3) YEARS PROBATION, CONCURRENT WITH EACH OTHER; ORDER OF PROTECTION FIVE (5) YEARS; $350.00/$50.00/$50.00 MANDATORY SURCHARGE/CVAF/DNA FEE IMPOSED.

Charges dismissed and sealed per CPL 160.50 on

NO BILLED by the Grand Jury on ---------------

Dated at Buffalo, the day of FEB 2 8 2024

Michael P. Kearns
Erie County Clerk